## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff, § | |
| § | |
| v. § | Cr. No. C-03-391 (2) |
| § | |
| VINCENT LEWIS, § | |
|     Defendant. § | |

### ORDER DENYING DEFENDANT'S MOTION FOR DOCUMENTS

On August 6, 2008, the Clerk received from Defendant Vincent Lewis a motion requesting copies of various documents and transcripts in his case, including "pre-trial," rearraignment and sentencing transcripts, a copy of the plea agreement, a copy of "full discovery," and "any documents in relation to this matter that were/are made a part of the record in this case but not mentioned in this motion." (D.E. 66.) He claims that he was never given copies of these documents from his appointed counsel, Pedro P. Garcia, despite alleged repeated requests for the copies. He asks that the Court issue an order directing his previous counsel of record to provide the documents in order to "fully comply" with his request for documents. He does not specify why he needs the documents.

The Court previously granted in part a letter motion from Lewis requesting documents in his case, directing the Clerk to provide him with a copy of his indictment and the judgment. (D.E. 58, Court's October 10, 2006 Order granting in part and denying in part D.E. 57.) The same order instructed Lewis that there would be a charge for any additional documents in the case, and directed the Clerk to provide him with instructions as to how to request and pay for those documents. (D.E. 58.) According to the docket sheet, no additional requests for documents have been received from Lewis. There are no pending proceedings before the Court, other than Lewis' second motion for

1

documents.

As to the instant motion, the Court first notes that Lewis has not shown that his attorney is in possession of any of the documents he seeks. Although he claims to have requested the documents from his attorney, his motion does not contain any documentation showing that such a request was made, nor any response by counsel.

Moreover, it is entirely possible that his attorney does not have most (or all) of the documents Lewis is requesting. For example, the docket does not reflect that any transcripts have been prepared in this case, which is not unusual in a case like this one, where the defendant does not file a direct criminal appeal. (See generally Docket Sheet.) Thus, his attorney almost certainly does not have the transcripts Lewis seeks. Similarly, it is the Court's understanding that the United States Attorney's procedure concerning discovery generally allows defense counsel to review its file, but does not permit copying of documents. Thus, it is highly unlikely that Lewis' attorney would have a "copy of full discovery."

Additionally – and notably – Lewis has not stated or explained why he seeks documents and transcripts, nor has he shown that he is indigent. For all of these reasons, the Court declines to issue an order that Lewis' prior counsel provide him with any documents. Nonetheless, the Clerk is directed to provide counsel with a copy of this Order. The Court presumes that Lewis' counsel is aware of any ongoing obligations he may have toward Lewis concerning his file.

To the extent that Lewis is requesting copies of these documents directly from this Court, his request is DENIED. As noted, the Clerk has already provided Lewis with copies of his indictment and judgment. Moreover, an indigent defendant has a statutory right to free transcripts and documents in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must, however, establish that the documents are needed to decide an issue in

a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Because Lewis has no pending suit before the Court and has not yet filed any post-conviction motions for relief, he fails to meet the statutory requirements for free documents, even assuming he could prove he is indigent.

For the foregoing reasons, Lewis' motion (D.E. 66) is DENIED.

It is so ORDERED this 22nd day of August, 2008.

_____
Janis Graham Jack
United States District Judge